# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP GEGENHEIMER, JR., | : | CIVIL CASE |
|     Plaintiff, | : | |
|         v. | : | |
| | : | |
| PENN-PATRIOT INSURANCE | : | |
| COMPANY, et al., | : | |
|     Defendants. | : | NO. 13-1060 |

## MEMORANDUM RE:  DEFENDANT
## PENN-PATRIOT INSURANCE COMPANY'S MOTION TO DISMISS

**Baylson, J.**                                                                                                                                                                    **July 17, 2013**

## I. Introduction

On February 27, 2013, Plaintiff Philip Gegenheimer, Jr. ("Plaintiff") filed an action against Defendants Penn-Patriot Insurance Company ("Penn-Patriot"); Temple Housing Alternatives, L.P.; Temple Housing Alternatives, LLC; and Paula Evans and Michael Evans (collectively, the "Insured Parties") seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, that a policy Penn-Patriot issued to the Insured Parties (the "Policy") covers injuries Plaintiff suffered while on the Insured Parties' property.  On March 28, 2013, Penn-Patriot filed a Motion to Dismiss the action under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff lacks standing to bring this action, because he is not a party to the Policy at issue in this case.  For the reasons below, Penn-Patriot's Motion is GRANTED, though not because of Plaintiff's lack of standing, but due to a lack of subject matter jurisdiction.  Because the Court lacks subject matter jurisdiction, it does not reach the issue of Plaintiff's standing.

## II. The Court Lacks Subject Matter Jurisdiction over this Case.

Plaintiff contends that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  The Court disagrees.  Although diversity appears to exist facially because Plaintiff, a citizen of California, has named as defendants citizens of other states, the Court finds

the parties are not properly aligned because Plaintiff has no claim under the policy against the Insured Parties. Once the parties are properly aligned, diversity disappears.

Plaintiff "bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir.1993). "For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings." Lovestorm v. Bartner, No. 07-cv-4447, 2007 WL 3036837, at *4 (D.N.J. Oct.16, 2007). Complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Furthermore, it is "well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Thomas Bd. of Trs., 195 U.S. 207, 211 (1904); see also In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011) ("subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived[, such that courts] . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (internal quotation marks and citation omitted))).

Additionally, "when considering whether complete diversity exists, [district courts] may realign the parties in the case if it finds that their actual interests in the litigation do not conform to their designations as plaintiffs or defendants." York Int'l Grp. v. Cincinnati Ins. Co., Civil Action No. 06-4778, 2007 WL 2667984, at *2 (E.D. Pa. Sept. 5, 2007) (Kauffman, J.) (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941)). The Third Circuit has instructed "that the correct inquiry turns not on some artificial position, but the 'principal

purpose' of the action: '[A] court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue.'" Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 704 (3d Cir. 1996) (alteration in the original) (quoting Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 864 (3d Cir. 1991)). "To identify the primary issue, [courts] must first look to the pleadings submitted by the parties. . . . [but] also have a duty to look beyond the pleadings to determine the actual interests of the parties." Id. (citing Wausau, 942 F.2d at 864, and Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156 (3d Cir. 1995)).

As discussed below, the Court must realign the parties in this case. The result destroys complete diversity, and the Court lacks subject matter jurisdiction over this case.

### A. Realignment of Parties

In this case, Plaintiff seeks a declaratory judgment on a single issue, Penn-Patriot's obligation to indemnify the Insured Parties under the Policy. At least with respect to this one issue, Plaintiff's and the Insured Parties' interests are clearly aligned; and it is equally obvious that the Insured Parties are adverse to Penn-Patriot. See York Int'l Grp., 2007 WL 2667984, at *3-4 (where an insured's liability had already been established, the insured is properly aligned as a co-plaintiff with an injured party who sought a declaratory judgment against the insurer). Cf. Wausau, 942 F.2d at 864 (holding that where multiple insurers may be liable to an insured and seek to disclaim their liabilities, the insurers' interests are aligned against the insured). The alignment of parties in typical insurance coverage declaratory judgment actions, where, for example, the insurer files suit against its insured and the injured party, supports this conclusion. E.g., Am. Auto Ins. Co. v. Murray, 658 F.3d 311 (3d Cir. 2001); Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986).

Accordingly, the Insured Parties must be realigned as plaintiffs in this case, resulting in the following alignment of the parties:

1. Plaintiffs: Mr. Gegengeimer (the injured party),Temple Housing Alternatives, L.P., Temple Housing Alternatives, LLC, and Paula and Michael Evans (the Insured Parties)

2. Defendant: Penn-Patriot, a corporation existing under the laws of Pennsylvania.

### B. Citizenship of the Parties

The pleadings indicate that Plaintiff is a citizen of California, and that Penn-Patriot, Temple Housing Alternatives, L.P., and Temple Housing Alternatives, LLC are citizens of Pennsylvania. No filing in this case indicates clearly the citizenship of Paula and Michael Evans, though they appear to be citizens Pennsylvania. Lack of sufficient information regarding the Evans' citizenship is of no moment, however, because with the parties properly realigned, complete diversity is necessarily destroyed: at least two of the plaintiffs – Temple Housing Alternatives, L.P., and Temple Housing Alternatives, LLC – are citizens of Pennsylvania, as is the only defendant in the case, Penn-Patriot. The Court has no subject matter jurisdiction over this case.

## IV. Conclusion

For the reasons above, Penn-Patriot's Motion is GRANTED. An appropriate order follows.

O:\CIVIL 13\13-1060 gegenheimer v. penn-patriot\13cv1060.Memo re Subject Matter Jurisdiction.docx